DAVID M. ZERANTE, Petitioner-Appellant, v. BLOOM TOWNSHIP ELECTORAL BOARD *et al.*, Respondents-Appellees.

First District (5th Division)   No. 1—97—1030

Opinion filed April 18, 1997.

Michael J. Kasper and Katherine M. Anthony, both of Chicago, for appellant.

Dennis Gianopolus, of Calumet City, for appellees Jim Grupp and Robert DeBolt.

Richard A. Devine, State's Attorney, of Chicago (Jayman Avery III, Patricia Shymanski, and Patricia Moser, Assistant State's Attorneys, of counsel), for appellee David D. Orr.

Cifelkli, Scrementi, Panici, Chudada & Buoscio, of Chicago (Luciano Panici, of counsel), for appellees Robert Lueder, Gene Eenigenburg, and Daniel Wootten.

JUSTICE HOFFMAN delivered the opinion of the court:

The petitioner, David M. Zerante, filed the instant appeal from an order of the circuit court affirming a decision of the Bloom Township Electoral Board (Board). The Board sustained the objections of Jim Grupp and Robert DeBolt to the nomination papers of the petitioner as a candidate for the office of Bloom Township supervisor in the election of April 1, 1997, and ordered that the petitioner's name be excluded from the ballot. Because the imminence of the April 1 election mandated a prompt resolution of this matter, we ordered an expedited briefing schedule and took the case under advisement without oral argument. On March 27, 1997, we entered an order affirming the circuit court in this matter and stated that our opinion would follow. We now render that opinion.

At a caucus of the Democratic Party held on January 14, 1997, John David DeSimone was nominated for the office of Bloom Township supervisor. On February 18, 1997, DeSimone withdrew his name as a candidate and declined his party's nomination. Thereafter, the petitioner was named as the Democratic candidate to fill the vacancy

in nomination created by the withdrawal of DeSimone, and his nomination papers were filed on February 25, 1997.

Grupp and DeBolt filed identical objections to the petitioner's nomination papers on March 3, 1997, alleging, *inter alia*, that: (1) the petitioner's statement of candidacy failed to conform to the provisions of section 7—10 of the Election Code (Code) (10 ILCS 5/7—10 (West 1994)); (2) the resolution to fill the vacancy in nomination (resolution) filed with the petitioner's statement of candidacy failed to comply with the provisions of section 7—61 of the Code (10 ILCS 5/7—61 (West 1994)); and (3) the petitioner filed multiple resolutions. After a hearing, the Board sustained the objections and issued a written decision dated March 14, 1997. The Board found that: the petitioner's statement of candidacy failed to state his party affiliation or that he was a "qualified primary voter" of the Democratic Party as required pursuant to section 7—10 of the Code (10 ILCS 5/7—10 (West 1994)); the petitioner filed multiple statements of candidacy, resolutions, and statements of economic interest; the petitioner filed conflicting resolutions, one of which was not signed by the Democratic committeeman of Bloom Township as required by section 7—61 of the Code (10 ILCS 5/7—61 (West 1994)); and the resolutions were defective by reason of their failure to specify the date upon which the petitioner was selected to fill the vacancy created by the withdrawal of DeSimone as required by section 7—61 of the Code (10 ILCS 5/7—61 (West 1994)). Based upon its findings, the Board declared the petitioner's nomination papers legally insufficient and ordered that his name not be printed on the ballot for the April 1, 1997, election.

The petitioner filed a petition for judicial review of the Board's decision in the circuit court on March 17, 1997. The circuit court affirmed the Board's decision on March 21, 1997, and this appeal followed.

■ Section 7—61 of the Code provides in pertinent part, as follows:

> "Any vacancy in nomination under the provisions of this Article 7 occurring on or after the primary and prior to certification of candidates by the certifying board or officer, must be filled prior to the date of certification. Any vacancy in nomination occurring after certification but prior to 15 days before the general election shall be filled within 8 days after the event creating the vacancy. *The resolution filling the vacancy shall be sent by U.S. mail or personal delivery to the certifying officer or board within 3 days of the action by which the vacancy was filled*; provided, if such resolution is sent by mail and the U.S. postmark on the envelope containing such resolution is dated prior to the expiration of such

3 day limit, the resolution shall be deemed filed within such 3 day limit. *Failure to so transmit the resolution within the time specified in this Section shall authorize the certifying officer or board to certify the original candidate.* \*\*\*

    *The resolution to fill a vacancy in nomination* shall be duly acknowledged before an officer qualified to take acknowledgements of deeds and *shall include, upon its face, the following information*:

    (a) the name of the original nominee and the office vacated;

    (b) the date on which the vacancy occurred;

    (c) the name and address of the nominee selected to fill the vacancy and *the date of selection.*" (Emphasis added.) 10 ILCS 5/7—61 (West 1994).

■ In this case, neither of the resolutions filed by the petitioner with his nomination papers on February 25, 1997, contained the date upon which he was selected to fill the vacancy in nomination. The petitioner contends, however, that the date upon which the signing of the resolutions was acknowledged before a notary public satisfies the statutory requirement. We disagree.

The acknowledgement of the resolutions before the notary satisfied the acknowledgement requirement of the statute, but did not satisfy the requirement that a resolution "include, upon its face, \*\*\* the date of selection." 10 ILCS 5/7—61 (West 1994). We know of no case which holds that the events related in a signed document are presumed to have occurred on the date that the document was signed. Since the vacancy in nomination occurred on February 18, 1997, the petitioner could have been selected to fill that vacancy on any date from February 18 through and inclusive of February 24, 1997, the date that the resolutions were executed. If that selection occurred prior to February 21, 1997, then the filing of the resolutions on February 25, 1997, would have fallen outside of the three-day transmittal period provided in the statute. 10 ILCS 5/7—61 (West 1994). Consequently, the failure of the resolutions to specify the date upon which the petitioner was selected to fill the vacancy in nomination prevents a determination as to whether the resolutions were transmitted to the certifying authority in a timely fashion.

■ Next, the petitioner contends that the provision of section 7—61 of the Code specifying that a resolution contain the date that a nominee was selected to fill a vacancy in nomination is directory as opposed to mandatory. In support of that contention, the petitioner cites to the opinions in *People ex rel. Meyer v. Kerner*, 35 Ill. 2d 33, 219 N.E.2d 617 (1966), and *People ex rel. Bell v. Powell*, 35 Ill. 2d 381, 221 N.E.2d 272 (1966), which held that those provisions of the Elec-

tion Code then in effect, sections 8—13 and 9—5.4 (Ill. Rev. Stat. 1965, ch. 46, pars. 8—13, 9—5.4), respectively, requiring the filing of certain election documents with the Secretary of State within specified time periods, were directory and not mandatory, as neither statute provided that an election would be rendered void by reason of noncompliance and a failure to strictly comply with the time limits would not result in the inability of election officials to comply with their statutory duties. We believe, however, that the cases relied upon by the petitioner are distinguishable.

As noted above, section 7—61 of the Code provides that failure to transmit a resolution to the certifying authority within three days of the date that a vacancy in nomination is filled "shall authorize the certifying officer or board to certify the original candidate." 10 ILCS 5/7—61 (West 1994). Consequently, the failure of a resolution to specify the date of selection renders it impossible for the certifying authority to determine if the person selected to fill the vacancy in nomination, or the original candidate, is to be certified to the election authority authorized to prepare the ballot. It is this inability of the certifying authority to determine its statutory duties under such circumstances that leads us to conclude that the provision of section 7—61 that states that a resolution shall contain the date of selection is mandatory.

Having found the provision of section 7—61 of the Code requiring a resolution to specify the date upon which an individual was selected to fill a vacancy in nomination to be mandatory, and because neither resolution filed by the petitioner with his nomination papers on February 25, 1997, specified the date of his selection, we conclude that the Board correctly found the petitioner's nomination papers legally insufficient. Our conclusion on this issue is sufficient to support our decision affirming the order of the circuit court that is the subject of this appeal, and we need not, therefore, address the other issues raised by the petitioner directed to the additional grounds relied upon by the Board in declaring his nomination papers deficient.

Affirmed.

HARTMAN, P.J., and HOURIHANE, J., concur.