(text box: 1) NO. 5-02-0521

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________

NANCY FORCADE-OSBORN, ) Appeal from the

) Circuit Court of

Petitioner-Appellant, ) Madison County.  

)

v. ) No. 02-MR-318

)

THE MADISON COUNTY ELECTORAL )

BOARD; MARK VON NIDA, DEAN )

SWEET, and MATT MELUCCI, Members of )

the Madison County Electoral Board; and )

FRED BATHON, ) Honorable

) Ralph J. Mendelsohn, 

Respondents-Appellees. ) Judge, presiding.  

___________________________________________________________________________

JUSTICE DONOVAN delivered the opinion of the court:

Nancy Forcade-Osborn (petitioner) appeals the decision of the circuit court of Madison County affirming the decision of the Madison County Electoral Board denying her petition for nomination and certification of candidacy, thereby precluding the placement of her name as a candidate on the November 5, 2002, election ballot.  We are obligated to dismiss petitioner's appeal because her petition for judicial review was prematurely filed, thus depriving the circuit court and ultimately this court of subject matter jurisdiction.

Petitioner was slated by the Republican Party to fill a vacancy for the office of county treasurer in Madison County when no one was nominated in the March primary to serve as that party's candidate.  The Madison County Republican Central Committee formed a nominating committee to select a person to fill the vacancy in nomination.  On May 13, 2002, the nominating committee met and selected petitioner to fill that vacancy.  On May 20, 2002, petitioner filed her certificate of nomination, her statement of candidacy, and her statement of economic interests, as well as her loyalty oath.  On May 24, 2002, the Democratic candidate for county treasurer, Fred Bathon, filed an objection to petitioner's nominating papers on the grounds they were not properly and timely filed.  After a hearing, the Madison County Electoral Board (Board) struck petitioner's name from the election ballot.  The Board ruled that the language of section 7-61 of the Election Code (10 ILCS 5/7-61 (West 2000)) required the nominating committee to have filed or mailed the certification of nomination within three days of its May 13 meeting and that the appropriate sanction for waiting until the last day to fill a vacancy in nomination was to strike petitioner's name from the ballot.  Petitioner sought the judicial review of the Board's decision in the circuit court of Madison County.  The circuit court upheld the rulings of the Board, and petitioner now appeals that decision.  Petitioner moved for and was granted expedited consideration.

Before reaching the merits of petitioner's appeal, we must first address a jurisdictional issue that neither party has argued.  The Board announced its decision on June 6, 2002.  Petitioner filed her petition for judicial review on June 14, 2002.  In her petition, petitioner specifically states that the Board "has yet to memorialize that order in writing."  The Board's written order was not filed until June 18, 2002, four days after petitioner filed her petition for review.  Accordingly, we conclude that petitioner prematurely filed her petition for review, thereby depriving both the circuit court and, in turn, this court of jurisdiction to rule on her petition.

Initially, we note that subject matter jurisdiction cannot be waived by either party.  
Maske v. Kane County Officers Electoral Board
, 234 Ill. App. 3d 508, 514, 600 N.E.2d 513, 518 (1992).  As clearly stated in 
Pernalski v. Illinois Racing Board
, 295 Ill. App. 3d 499, 692 N.E.2d 773 (1998): "Since the premature filing of a complaint for review fails to confer subject matter jurisdiction upon the courts, it is not subject to a claim of waiver or estoppel in that the parties even by overt stipulation may not confer subject matter jurisdiction upon the court where none otherwise exists."  
Pernalski
, 295 Ill. App. 3d at 505, 692 N.E.2d at 778; see 
Currie v. Lao
, 148 Ill. 2d 151, 592 N.E.2d 977 (1992).

Of equal importance, a written decision is a prerequisite for the commencement of an action for review.  See 
Pernalski
, 295 Ill. App. 3d at 502, 692 N.E.2d at 776; 
Buroff v. Board of Fire & Police Commissioners
, 248 Ill. App. 3d 626, 630-31, 618 N.E.2d 930, 933 (1993).  As the Board itself noted at the hearing on the objections filed against petitioner's certificate, "[T]his matter will be completed when we transmit the written orders."  The finality of any order cannot be presumed until it is actually served upon the party whose rights are adjudicated.  
Pernalski
, 295 Ill. App. 3d at 505, 692 N.E.2d at 778.  Accordingly, we conclude that the circuit court was without jurisdiction to hear petitioner's appeal.  

Even if jurisdiction were properly conferred upon the circuit court, we note that the result would be no different, in that the determination of the Board would have to be affirmed on the merits.  Petitioner's certificate of nomination was not timely filed.  Section 7-61 provides in part as follows:

"Any vacancy in nomination under the provisions of this Article 7 occurring on or after the primary and prior to certification of candidates by the certifying board or officer[] must be filled prior to the date of certification.  Any vacancy in nomination occurring after certification but prior to 15 days before the general election shall be filled within 8 days after the event creating the vacancy.  The resolution filling the vacancy shall be sent by U.S. mail or personal delivery to the certifying officer or board within 3 days of the action by which the vacancy was filled ***.  Failure to so transmit the resolution within the time specified in this Section shall authorize the certifying officer or board to certify the original candidate."  10 ILCS 5/7-61 (West 2000).

The statute clearly imposes a deadline for the transmission of a certification of nomination by the nominating authorities to the certifying officer.  That deadline is three days from the date the action was taken to fill the vacancy in nomination, in this instance three days from the May 13, 2002, meeting.  Petitioner's certification of nomination was not filed until May 20, seven days after the nominating meeting.  Having failed to meet the deadline, petitioner lost the right to have her name placed on the election ballot as a candidate for the office of county treasurer.  When a statute specifies what result will follow if its terms are not complied with, then the statute is deemed mandatory.  
El-Aboudi v. Thompson
, 293 Ill. App. 3d 191, 192, 687 N.E.2d 1166, 1167 (1997).  Had the legislature intended for the three-day deadline to apply only to vacancies occurring after certification, as petitioner argues, the legislature could have expressed its intention to that effect by using specific language so limiting the provision.  

We also note that subsequent language contained within the paragraph is applicable to both precertification and postcertification vacancies in nomination.  Arguing that the third and fourth sentences of the paragraph apply only to a factual situation described in the second sentence while the fifth sentence is applicable to the factual situation described in both the first and second sentences defies logic and all rules of statutory construction.  A statute is to be read as a whole (
Advincula v. United Blood Services
, 176 Ill. 2d 1, 16, 678 N.E.2d 1009, 1017 (1996)), and a statute should not be construed so that its specific language is rendered meaningless or superfluous (
Maske
, 234 Ill. App. 3d at 512, 600 N.E.2d at 517).  

It is true that Illinois courts favor ballot access for candidates who wish to run for public office.  This does not mean, however, that mandatory requirements can be circumvented.  See 
Zerante v. Bloom Township Electoral Board
, 287 Ill. App. 3d 976, 980, 679 N.E.2d 459, 461-62 (1997) (the failure to specify the date of the resolution upon which the candidate was selected to fill the vacancy in nomination prevented a determination of whether the resolutions were transmitted to the certifying authority in a timely fashion).  

Petitioner had three different statutory mechanisms for gaining access to the ballot.  Petitioner chose not to subject herself to two of those options, both of which required a showing of "grass roots" support.  Petitioner's nomination was made by just three individuals.  Under those circumstances, we cannot fault the legislature for being very specific on the manner in which one's name is placed on the ballot when one has chosen not to follow the "customary" procedures for nomination.  It is the conduct of petitioner's representatives, by failing to timely file the nomination within three days, that serves to deny petitioner access to the ballot for the November 2002 election.  The rules are not hypertechnical as petitioner suggests but are designed to ensure the integrity of the election process in general.

Because petitioner's petition for review was prematurely filed, the circuit court of Madison County was deprived of jurisdiction and should not have undertaken a review of the Board's decision.  As a consequence, we must dismiss petitioner's appeal for lack of subject matter jurisdiction.  The decision of the Board remains in full force and effect.

Appeal dismissed. 

MAAG, P.J., and HOPKINS, J., concur.

NO. 5-02-0521

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________

NANCY FORCADE-OSBORN, ) Appeal from the

) Circuit Court of

Petitioner-Appellant, ) Madison County.  

)

v. ) No. 02-MR-318

)

THE MADISON COUNTY ELECTORAL )

BOARD; MARK VON NIDA, DEAN )

SWEET, and MATT MELUCCI, Members of )

the Madison County Electoral Board; and )

FRED BATHON, ) Honorable

) Ralph J. Mendelsohn, 

Respondents-Appellees. ) Judge, presiding.  

___________________________________________________________________________

Opinion Filed
: October 23, 2002

___________________________________________________________________________

Justices
: Honorable James K. Donovan, J.

Honorable Gordon E. Maag, P.J.

Honorable Terrence J. Hopkins, J.

Concur

___________________________________________________________________________

Attorney
 Stephen P. McGlynn, McGlynn & McGlynn, 116 South Charles

for
 Street, Belleville, IL  62220-2212

Appellant
 

___________________________________________________________________________

Attorneys
 John McGuire, Assistant State's Attorney, 157 North Main, Suite 402,

for
 Edwardsville, IL  62025 (attorney for Madison County Electoral Board,

Appellees
 Mark Von Nida, Dean Sweet, Matt Melucci); Robert E. Becker, Becker,

Paulson, & Hoerner, P.C., 5111West Main Street, Belleville, IL  62226 (attorney for Fred Bathon)

___________________________________________________________________________

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 10/23/02.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.