FRANCIS X. LAWLOR, Petitioner-Appellant, *v.* MUNICIPAL OFFICER ELECTORAL BOARD, Respondent-Appellee.

(No. 61719;

First District (5th Division)—May 15, 1975.

Joelson & Thomas Associates, of Harvey (O. Kenneth Thomas and William Scannell, of counsel), for appellant.

Andrew M. Raucci, of Chicago, for appellee.

Mr. PRESIDING JUSTICE BARRETT delivered the opinion of the court:

Petitioner appeals from an order of the circuit court affirming on administrative review the decision of respondent, Municipal Officer Electoral Board, declaring petitioner's statement of candidacy invalid because it was totally lacking in the essential elements required by the provisions of section 7—10 of the Election Code. Ill. Rev. Stat. 1973, ch. 46, par. 7—10.

The facts pertinent to this appeal are as follows: a vacancy in the office of Representative for the 5th Congressional District of Illinois arose by reason of the death of the Honorable John C. Kluczynski on January 26, 1975. On January 30, 1975, in accordance with section 25—7 of the Illinois Election Code (Ill. Rev. Stat. 1973, ch. 46, par. 25—7), the Governor of Illinois issued a writ of election appointing May 27, 1975, as the date of a special election to fill the vacancy. The Governor chose Tuesday, May 27, 1975,[1] because the last day allowed for the election pursuant to section 25—7 was Sunday, May 25, 1975, and the following day, a Federal holiday. Following the writ, in accordance with section 7—5 of the Illinois Election Code (Ill. Rev. Stat. 1973, ch. 46, par. 7—5), the Board of Election Commissioners set the primary election incident to the special election on April 15, 1975, 42 days before the special election.

---

[1] § 25—7. "When any vacancy shall occur in the office of representative in congress from this state more than 180 days before the next general election, the Governor shall issue a writ of election within 5 days after the occurrence of that vacancy to the county clerks of the several counties in the district where the vacancy exists, appointing a day within 115 days to hold a special election to fill such vacancy." Amended by P.A. 78-781, § 1, 1973, eff. Oct. 1, 1973.

Petitioner filed a document entitled "Statement of Candidacy" and petitions for nomination on February 25, 1975. Respondent, Lillian R. Snyder, filed her objections thereto with the State Board of Elections on March 1, 1975, and respondent, Municipal Officer Electoral Board, conducted a hearing on her objections on March 10, 1975. On March 11, 1975, the Board rendered its decision that the objections were timely filed on March 1, 1975, and that the office of the State Board of Elections was authorized to be open on such date in accordance with the provisions of section 1A—11 of the Election Code. (Ill. Rev. Stat. 1973, ch. 46, par. 1A—11.) The Board further found that petitioner's statement of his candidacy failed to comply with the mandatory requirements of section 7—10 of the Election Code (Ill. Rev. Stat. 1973, ch. 46, par. 7—10), in that it (a) fails to contain a statement by the candidate that he is a qualified primary voter of the Republican Party; (b) does not state that he is a candidate for nomination of the Republican Party for the office of Representative of the 5th Congressional District of the State of Illinois; (c) does not state that he is to be a candidate in the special Republican primary election to be held on the 15th day of April; (d) does not request that his name be printed on the official primary ballot for a nomination of the Republican Party in the special primary election to be held on April 15, 1975. The Board, therefore held that the statement of candidacy was totally lacking in the essential elements required by the legislature in section 7—10 of the Illinois Election Code and that the petition for nomination was therefore invalid.

On administrative review before the circuit court of Cook County, the trial court entered an order sustaining the Board's findings and decision. Petitioner appeals from the entry of that order.

In this court petitioner moved to change the date of the primary from April 15, 1975, and the election date of May 27, 1975, to new dates subsequent to the rendering of the decision on the merits of this appeal. Because of the time limitations involved, by agreement of all parties, we heard oral arguments of counsel on April 15, 1975, on the motion to reset the dates and then ordered an expedited briefing schedule. The parties waived further oral arguments and cooperated with the court by filing their briefs on or before May 2, 1975, as scheduled.

OPINION

This appeal presents two basic questions for our consideration. The first involves the request to reschedule the dates of the primary election and the special election. This has become moot by reason of the order entered by a three-judge panel of the Federal District Court on April 24, 1975. (*Lawlor v. Chicago Board of Election Com.*, 75 C 948.) The

Federal panel ruled that section 7—5 and section 7—12 of the Illinois Election Code (Ill. Rev. Stat. 1973, ch. 46, pars. 7—5, 7—12), were unconstitutional insofar as those sections operated to deprive plaintiff of his right to be a write-in candidate in the primary election and ordered defendant Board to conduct a primary election on May 27, 1975 and a general election on July 8, 1975.

The second basic question involves an interpretation of those provisions of the Election Code requiring adherence to the prescribed contents of the form of declaration of candidacy and of the nominating petitions. Section 7—10 of the Election Code (Ill. Rev. Stat. 1973, ch. 46, par. 7—10), provides that the form be as follows:

"The name of no candidate for nomination, or State central committeeman, or township committeeman, or precinct committeeman, or ward committeeman or candidate for delegate or alternate delegate to national nominating conventions, shall be printed upon the primary ballot unless a petition for nomination has been filed in his behalf as provided in this Article in substantially the following form:

We, the undersigned, members of and affiliated with the ...... party and qualified primary electors of the ...... party, in the ...... of ......, in the county of ...... and State of Illinois, do hereby petition that the following named person or persons shall be a candidate or candidates of the ...... party for the nomination for (or in case of committeemen for election to) the office or offices hereinafter specified, to be voted for at the primary election to be held on the ...... day of ...... A.D. .......

| Name | Office | Address |
|------|--------|---------|
| John Jones | Governor | Belvidere, Ill. |
| Thomas Smith | Attorney General | Oakland, Ill. |

Name .................          Address ..................

State of Illinois          )
                           )  SS.
County of ...........      )

I, ......, do hereby certify that I am upwards of the age of 18 years, that I reside at No. ...... street, in the ...... of ...... county of ...... and State of Illinois, and that the signatures on

this sheet were signed in my presence, and are genuine, and that to the best of my knowledge and belief the persons so signing were at the time of signing the petitions qualified voters of the ..... party, and that their respective residences are correctly stated, as above set forth.

............................

Subscribed and sworn to before me this ...... day of ...... A.D. .......

........................"

Within the same section 7—10 is language as follows:

"Each petition *shall* include as a part thereof, a statement of candidacy for each of the candidates filing, or in whose behalf the petition is filed. This statement *shall* set out the address of such candidate, the office for which he is a candidate, *shall* state that the candidate is a qualified primary voter of the party to which the petition relates and is qualified for the office specified (in the case of a candidate for State's Attorney it shall state that the candidate is at the time of filing such statement a licensed attorney-at-law of this State), shall state that he has filed a statement of economic interests as required by the Illinois Governmental Ethics Act, *shall* request that the candidate's name be placed upon the official ballot, and *shall* be subscribed and sworn to by such candidate before some officer authorized to take acknowledgment of deeds in the State and shall be in substantially the following form: [Emphasis added.]

*Statement of Candidacy*

| Name | Address | Office | District | Party |
|------|---------|--------|----------|-------|
| John Jones | 102 Main St. Belvidere, Illinois | Governor | Statewide | Republican |

State of Illinois )
) SS.
County of ........... )

I, ......, being first duly sworn, say that I reside at ...... Street in the city (or village) of ...... in the county of ...... State of Illinois; that I am a qualified voter therein and am a

qualified primary voter of the ...... party; that I am a candidate for nomination (for election in the case of committeeman and delegates and alternate delegates) to the office of ...... to be voted upon at the primary election to be held on the ...... day of ...... A.D. ......; that I am legally qualified (including being the holder of any license that may be an eligibility requirement for the office I seek the nomination for) to hold such office and that I have filed a statement of economic interests as required by the Illinois Governmental Ethics Act and I hereby request that my name be printed upon the official primary ballot for nomination for (or election to in the case of committeemen and delegates and alternate delegates) such office.

Signed ....................
Subscribed and sworn to (or affirmed) before me by ......, who is to me personally known, this ...... day of ...... A.D., 19 .......

Signed ....................
(Official Character)

(Seal, if officer has one.)"

The petitioner contends that the nominating petition and the statement of candidacy must be read together and, therefore, his petition and his certificate of candidacy substantially comply with the statute. We disagree.

Petitioner's statement of candidacy took the following form:

"STATE OF ILLINOIS )
                                    :
COUNTY OF COOK

STATEMENT OF CANDIDACY
FOR ELECTION TO THE U. S. HOUSE OF
REPRESENTATIVES

I, FRANCIS X. LAWLOR, being first duly sworn, say that I reside at 2103 West 71 Street, in the City of Chicago in the County of Cook, State of Illinois; and that I am a qualified voter therein; and that I am a candidate for election to the office of Representative for the Fifth Congressional District of the State of Illinois in the United States House of Representatives, to be voted upon at the special general election to be held on the twenty-seventh (27) day of May, A.D. 1975; and that I am legally

qualified to hold such office; and I hereby request that my name be printed upon the official ballot for election to such office.

Signed     FRANCIS X. LAWLOR

### VERIFICATION

Submitted and sworn to before me on this twenty-fifth (25) day of February, A.D. 1975

Signed     GAYLE L. BAKER

SEAL"

The Board, upon hearing the objections of respondent Snyder, ruled that petitioner's statement of candidacy did not comply with the statute because it was totally lacking in the essential elements required by the Legislature in section 7—10 of the Election Code, as set forth above, and the Board concluded that the petition for nomination was therefore invalid.

■■ Petitioner takes the position that section 7—10 of the Election Code should be held to be directory rather than mandatory, whereas the objector and the Electoral Board contend in substance that both provisions in question are mandatory rather than directory. We believe the Legislature in spelling out the required contents of the nominating petition and the required contents of the certificate of candidacy, separately, intended that compliance with both requirements be mandatory rather than directory.

Furthermore, the word "shall" is ordinarily interpreted to be mandatory. In *Schmidt v. Powell,* 4 Ill.App.3d 34, the court considered the statute providing that an application for an Illinois driver's license as well as the license "shall" bear the licensee's social security number. It was held that the word "shall" is mandatory where it appears in statutes bearing on the conduct of public officials. The court, relying on *People ex rel. Adamowski v. Metropolitan Sanitary District,* 14 Ill.2d 271, succinctly stated:

> "In construing statutes courts have generally held the word 'shall' to be mandatory, and particularly when the word is addressed to a public official." (4 Ill.App.3d 34, 36.)

Also see *People v. Liddell,* 19 Ill.App.3d 794.

■■ The requirements of section 7—10 being mandatory, it was incumbent on petitioner to comply with its provisions. Because he failed to do so, the Board correctly held initially that his name should not be placed on a primary ballot. The order of the Federal Court directing a note in the gross amount of $7,679.52, payable in 48 monthly installments

primary election was not concerned with, nor did it affect the validity of, section 7—10. Therefore, we hold that petitioner's name may not be placed on the ballot for the primary election on May 27, 1975, for nomination to the office of Representative for the 5th Congressional District of the State of Illinois. Petitioner may, however, be a write-in candidate for nomination to that office by the Republican Party.

The order of the circuit court of Cook County is affirmed.

Affirmed.

LORENZ and SULLIVAN, JJ., concur.