JOSEPH LAWRENCE *et al.*, Petitioners-Appellants, *v.* THE BOARD OF ELECTION COMMISSIONERS OF THE CITY OF EAST ST. LOUIS *et al.*, Respondents-Appellees.

Fifth District    No. 77-21

Opinion filed February 7, 1977.

Robert H. Rice, State's Attorney, of East St. Louis, for appellants.

David J. Letvin and Jack Carey, both of Cohn, Carr, Korein, Kunin and Brennan, Edward Neville, and Pearson Bush, all of East St. Louis, and William Hotto, of Fairview Heights, for appellees.

PER CURIAM:

Appellants seek relief from an order of the Circuit Court of St. Clair County affirming the decision of the Board of Election Commissioners of

the City of East St. Louis, sitting *ex officio* as the municipal officers electoral board (see Ill. Rev. Stat. 1975, ch. 46, pars. 7—12.1 and 10—9), that the statements of candidacy of appellees for the aldermanic primary election to be held February 8, 1977, were substantially in the form required by statute. Because of the exigencies of time, the parties waived the filing of briefs, and oral argument was had immediately after the filing of the record on appeal. The record consisted of the statements of candidacy of the appellees, the objectors' petitions, the decision of the board, the complaint for administrative review, and the order of the circuit court. We are unable to afford the relief sought because the Election Code makes no provision for us to review the circuit court's decision.

■■ Section 10—10.1 of the Election Code (Ill. Rev. Stat. 1975, ch. 46, par. 10—10.1) provides that an objector aggrieved by a decision of an electoral board may secure judicial review in the circuit court. No provision is made for further review of the circuit court's decision. Section 2 of the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 265) makes it clear that the statute conferring power on an administrative agency must expressly adopt the provisions of the Administrative Review Act for that Act to be applicable. If the legislature by express provision has not made the Administrative Review Act applicable to actions of a certain agency, appeal of a decision of that agency is not available under Section 13 of the Act (Ill. Rev. Stat. 1975, ch. 110, par. 276). (*White v. Board of Appeals of Cook County*, 45 Ill. 2d 378, 259 N.E.2d 51 (1970); *Wilkins v. Department of Public Aid*, 51 Ill. 2d 88, 280 N.E.2d 706 (1972); *People ex rel. Hillison v. Chicago, Burlington & Quincy R.R. Co.*, 22 Ill. 2d 88, 174 N.E.2d 175 (1961).) We conclude that the legislature intended that the decision of a circuit court in reviewing an order of an electoral board be final, and therefore we have no jurisdiction to hear this appeal.

■■ Our conclusion that the General Assembly intended only limited review is supported by both logic and the legislative history of the Election Code. Before 1967, when sections 7—12.1 and 10—10.1 (now Ill. Rev. Stat. 1975, ch. 46, pars. 7—12.1 and 10—10.1) were added, there was no express provision in the Code for review of an electoral board's decision as to the validity of nomination papers. (See Ill. Ann. Stat., ch. 46, par. 10—10, at 413 (Smith-Hurd 1965): " * * * the decision of a majority of the electoral board shall be final": *cf*. Ill. Ann. Stat., ch. 46, par. 7—13, at 285-86 (Smith-Hurd 1965).) As it now reads, section 10—10 (made applicable to this case by section 7—12.1) provides that "the decision of a majority of the electoral board shall be final subject to judicial review as provided in Section 10—10.1" (Ill. Rev. Stat. 1975, ch. 46, par. 10—10.) This clear expression of the legislative intent that judicial review of the

board's decision should terminate at the circuit court level was doubtless based on the recognition that, because of the time necessary for the appellate process to run its course, any further appeals would invariably extend beyond the date of the election and render moot questions raised by the aggrieved parties. (See, *e.g., People ex rel. Knight v. Holzman*, 98 Ill. App. 2d 126, 240 N.E.2d 390 (1st Dist. 1968).) Under compelling circumstances, an original action for writ of *mandamus* in the Supreme Court may be appropriate. *Dooley v. McGillicuddy*, 63 Ill. 2d 54, 345 N.E.2d 102 (1976).

■■ Further, if we did have jurisdiction to reach the merits of this case, we would affirm on the basis of *Lewis v. Dunne*, 63 Ill. 2d 48, 344 N.E.2d 443 (1976). As only the statements of candidacy, and not the candidates' petitions, were included in the short record before us, we would have to presume the regularity of the petitions. In argument, counsel for appellants conceded that no question was being raised about the petitions. Appellants rely on the case of *Lawlor v. Municipal Officer Electoral Board*, 28 Ill. App. 3d 823, 329 N.E.2d 436 (1st Dist. 1975), for the proposition that the statements of candidacy must stand or fall by themselves as if the petitions did not exist. We think that the supreme court's decision in *Lewis v. Dunne* indicates that *Lawlor* does not correctly state the law, and that the court below, without the petitions before it, could properly presume that the Board read the petitions together with the statements of candidacy and found substantial compliance with the statutory requirements.

Appeal dismissed.

JONES and EBERSPACHER, JJ., took no part in the consideration or decision of this case.