# Illinois Official Reports

## Appellate Court

---

### *Wiggins v. Rogers*, 2019 IL App (1st) 190161

---

| | |
|---|---|
| Appellate Court Caption | ARTHUR W. WIGGINS JR., Petitioner-Appellee, v. WANDA ROGERS, LORI WILCOX, VINCENT ZARANTI, THE MUNICIPAL OFFICERS ELECTORAL BOARD FOR THE CITY OF CHICAGO HEIGHTS, MICHAEL A. STEBEL, RUBEN REYNOSO, and KAREN YARBOROUGH, Respondents (Michael A. Stebel and Ruben Reynoso, Respondents-Appellants). |
| District & No. | First District, Third Division<br>Docket No. 1-19-0161 |
| Filed | March 20, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 19-COEL-001; the Hon. James R. Carroll, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Matthew M. Welch, Matthew T. Ingersoll, and Erin E. Blake, of Montana Welch, LLC, of Palos Heights, for appellants.<br><br>Andrew Finko, of Chicago, for appellee. |
| Panel | PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court, with opinion.<br>Justices Ellis and Cobbs concurred in the judgment and opinion. |

¶ 1 The petitioner, Arthur W. Wiggins Jr., filed a petition in the circuit court of Cook County seeking judicial review of a decision by the Municipal Officers Electoral Board for the City of Chicago Heights (Board) that his name would not be included on the ballot as a candidate for the office of mayor of the City of Chicago Heights in the consolidated primary election on February 26, 2019. The circuit court granted his petition, reversed and vacated the Board's decision, and ordered that the petitioner's name be included on the ballot. Respondents Michael A. Stebel and Ruben Reynoso (objectors), who had filed the objectors' petition giving rise to the Board's decision, now appeal this order of the circuit court. For the reasons that follow, we affirm the circuit court's judgment.

¶ 2                                    I. BACKGROUND

¶ 3 The Election Code provides that, in odd-numbered years, "an election to be known as the consolidated election shall be held on the first Tuesday in April," and "an election to be known as the consolidated primary election shall be held on the last Tuesday in February." 10 ILCS 5/2A-1.1(b) (West 2016). In 2019, the consolidated election will occur on April 2, 2019, and the consolidated primary election will occur on February 26, 2019.[1]

¶ 4 In the City of Chicago Heights, municipal offices including mayor are filled in nonpartisan primary and general elections. As provided for by section 3.1-20-45 of the Illinois Municipal Code (65 ILCS 5/3.1-20-45 (West 2016)), which governs such elections, no primary election is held for any municipal office if not more than four candidates have filed timely and valid nominating papers seeking to be nominated for election to that office. Instead, all the candidates' names appear on the ballot for the general municipal election. By contrast, if more than four candidates file for an office, then a primary election is held to pare down the number of candidates whose names appear on the ballot for the general election. *Id.* With respect to an office to which only a single officer is to be elected, such as mayor, the two candidates who receive the highest number of votes in the primary election are placed on the ballot for the general election. *Id.*

¶ 5 In November 2018, the petitioner filed a statement of candidacy, nominating petitions, and other documents for his name to be placed on the ballot as a candidate for the office of mayor of the City of Chicago Heights in the upcoming election to fill that office. The court takes judicial notice that the statement of candidacy and nominating petitions that he filed were filled out using the suggested forms available on the website of the State Board of Elections. Both of these forms contain multiple blank lines to be filled in by the candidate or the person circulating the nominating petition. The portion of the petitioner's statement of candidacy pertinent to this appeal is set forth as follows, with the italic text indicating what the petitioner had typed on the blank line of the form:

> "I, *Arthur W. Wiggins Jr.* being first duly sworn (or affirmed), say that I reside \*\*\* in the City \*\*\* of *Chicago Heights* \*\*\*; that I am a qualified voter therein, that I am a candidate for Nomination/Election to the office of *Mayor* in the *City of Chicago Heights* to be voted upon at the election to be held on *April 2, 2019* (date of election)

---

[1]This court resolved this appeal via an unpublished order on February 11, 2019, and subsequently granted the petitioner's motion to publish. See Ill. S. Ct. R. 23(b), (f) (eff. Apr. 1, 2018).

and that I am legally qualified to hold such office *** and I hereby request that my name be printed upon the official ballot for Nomination/Election to such office."

The petitioner also submitted 24 pages of nominating petitions, each containing approximately 10 signatures by qualified voters petitioning his name to be placed on the ballot for the office he sought. On each of the 24 pages of nominating petitions filed by the petitioner, the date of "April 2, 2019," was typed or handwritten in a blank line indicated to be the "date of primary election." Thus, each of the petitioner's nominating petitions contained the following statement above the signatures of the voters, with the italic text again indicating what had been entered in the blank line of the form:

> "We, the undersigned, qualified voters in the *City* of *Chicago Heights* *** do hereby petition that the name of *Arthur W. Wiggins Jr.* *** be placed upon the ballot as a candidate for nomination for the office of *Mayor* at the Consolidated Primary election to be held on *April 2, 2019* (date of primary election); provided that if no primary election is required, the candidate's name will appear on the ballot at the Consolidated Election for election to said office and term."

¶ 6 On December 3, 2018, objectors Stebel and Reynoso filed an objectors' petition concerning the petitioner's nomination papers. In it, they argued that the petitioner, by submitting nominating petitions stating that he was being nominated for the office of mayor at the election on "April 2, 2019," was attempting to bypass the consolidated primary election on February 26, 2019. They argued that his effort to avoid the obligation of running in the consolidated primary election "undermines the integrity of the electoral process," by seeking to evade the requirement of section 3.1-20-45 of the Municipal Code that, for his name to appear on the ballot in the consolidated election on April 2, 2019, he must be one of the two candidates receiving the highest number of votes in the consolidated primary election. *Id.* They also argued that his statement of candidacy was evidence of an attempt to gain an unfair advantage over candidates for the same office who had complied with the law. Based on this, they sought a ruling that the petitioner's nominating paperwork was insufficient and therefore that his name not appear on the ballot as a candidate in the consolidated primary election.

¶ 7 The respondent Board was constituted to hear and pass upon the objections by respondents Stebel and Reynoso to the petitioner's nomination as a candidate for mayor. The Board was comprised of respondents Lori Wilcox (city clerk), Vincent Zaranti (alderman), and Wanda Rogers (alderman). It held a hearing on the objectors' petition on December 21, 2018. That hearing consisted only of legal arguments by counsel for respondents Stebel and Reynoso and by the petitioner, who represented himself. No evidence was taken. The objectors' counsel made arguments consistent with those set forth in the objectors' petition. Objectors' counsel further argued that the Board could not find the petitioner to be in substantial compliance with the pertinent statutory provisions because he was attempting to undermine the integrity of the electoral process. The petitioner, who represented himself at the hearing, argued that he was not attempting to avoid running in the primary election, as the law controlled whether a primary was required in an election for a particular office. He argued that the reason he filled in the preprinted form with the date of the consolidated election was because the City of Chicago Heights had not held a primary election since 1992. He argued that his nominating petitions were in substantial compliance with the governing statutory provisions. In reply, objectors' counsel argued it was "irrelevant" that the City of Chicago Heights had not held a primary election since 1992, as the petitioner could not know in advance how many candidates would

file nominating petitions and thus whether a primary election would be necessary. At the close of the hearing, the Board voted to sustain the objectors' petition.

¶ 8 On December 28, 2018, the Board issued its written decision sustaining the objectors' petition. The Board set forth the following as the basis for its decision:

"The result of the filing made by the [petitioner] when he filed his Statement of Candidacy and his Petitions for Nomination is that the integrity of the electoral process was undermined, whether purposefully or not. The fact of the matter is that the City Clerk acting as local election official is left to guess or otherwise have to read the mind of the [petitioner] as to what his actual intentions are as it pertains to the correct election date. This makes for an absolutely untenable job for the local election official who should not be put in that position if the electoral process is to be conducted in an orderly fashion. Had the mistake been made, say, solely on the petitions, perhaps that would be forgivable.

The position advanced by the [petitioner] does not persuade this Board otherwise. The [petitioner] advances the argument that the City of Chicago Heights has not had a Primary Election since the year 1992 and so it will likely not have one now. This makes little sense as the [petitioner] could not know how many people would enter the race at the time that he filed for nomination. Rather, this Board agrees with the position advanced by the Objectors that when faced with a Statement of Candidacy as well as petition sheets that all affirmatively exist to get the candidate around the Primary Election, the paperwork suggests a nefarious attempt to subvert the process. But even without purposeful nefarious intentions on the part of the [petitioner], the confusion that ensues from his submissions coupled with the uncertainty as to how to certify his candidacy from the perspective of the Local Election Official is enough to have undermined the integrity of the Electoral Process to a degree that the submitted nomination papers simply cannot stand."

¶ 9 On December 31, 2018, the petitioner, through counsel, filed a petition in the circuit court for judicial review of the Board's decision. The petitioner argued that the Board's decision was not supported by evidence or case law. He argued that section 10-4 of the Election Code, which governs the contents of nomination petitions, does not mention the date of the election as being a requirement of the petition. See 10 ILCS 5/10-4 (West 2016). Further, he argued that he had substantially complied with the requirements of the Election Code. He pointed out that the date on his petitions, April 2, 2019, was in fact the date of the election to fill the office of mayor of the City of Chicago Heights. He further argued that it was undisputed that the City of Chicago Heights had not held a primary election since at least the 1990s. Thus, there could be no confusion among the voters or election officials about the election for which he was seeking to be placed on the ballot.

¶ 10 Respondents Stebel and Reynoso filed a memorandum of law in response to the petition for judicial review. Their arguments largely tracked the arguments they had made in the objectors' petition and the Board's reasoning in its written decision. They argued the petitioner could not be found in substantial compliance because he had filed for the general municipal election instead of filing for the primary, and his effort to bypass the primary undermined the integrity of the election process. They also pointed out to the circuit court that they had not raised issues of "voter confusion" in their objectors' petition.

¶ 11    On January 22, 2019, the circuit court entered an order granting the relief sought in the petition for judicial review, thereby reversing and vacating the decision of the Board. The circuit court ordered the petitioner's name to be included on the ballot for the consolidated primary election on February 26, 2019, or, if there is no primary election, on the ballot for the consolidated election on April 2, 2019.

¶ 12    On January 24, 2019, respondents Stebel and Reynoso filed a notice of appeal. On January 28, 2019, this court granted the motion by objectors to expedite briefing of this appeal so it could be resolved in time to print the ballots for the consolidated primary election.

¶ 13                                   II. ANALYSIS

¶ 14    This appeal arises from the circuit court's judicial review of a decision by an electoral board under section 10-10.1 of the Election Code. *Id.* § 10-10.1. Such a proceeding is in the nature of administrative review. *Jackson-Hicks v. East St. Louis Board of Election Commissioners*, 2015 IL 118929, ¶ 19. On appeal, this court reviews the decision of the electoral board, not the decision of the circuit court. *Id.* In doing so, the standard of review depends on whether the dispute involves the facts, the law, or a mixed question of fact and law. *Id.* ¶ 20. Here, there is no dispute about the underlying facts giving rise to the Board's decision, *i.e.*, that the date of April 2, 2019, was entered as the date of the election on the petitioner's nominating petitions and statement of candidacy. Where historical facts are admitted or established and the only dispute is whether the electoral board correctly interpreted the governing legal provisions, the case presents a purely legal question, to which this court applies *de novo* review. *Id.*

¶ 15    As in any case involving a candidate's access to the ballot, we are mindful here that the policy of this state is to favor ballot access of candidates for public office. *Wisnasky-Bettorf v. Pierce*, 2012 IL 111253, ¶ 22. Also, our courts guard the rights of voters to nominate the candidates of their choice, except in circumstances involving violations of mandatory provisions of the Election Code where compliance is essential to effect a valid nomination. *Lyons MVP Party v. Lyons, Illinois, Municipal Officers Electoral Board*, 407 Ill. App. 3d 1004, 1007 (2011). Thus, where the basis of an objection to a candidate's nomination papers concerns a technical violation of the Election Code that does not affect the legislative intent to guarantee a free and honest election, courts have found substantial compliance to be sufficient to prevent the removal of a candidate's name from the ballot. *Siegel v. Lake County Officers Electoral Board*, 385 Ill. App. 3d 452, 461 (2008).

¶ 16    The objectors' first argument on appeal is that the petitioner filed nominating papers seeking to bypass the primary election for mayor of the City of Chicago Heights and instead to have his name put directly on the ballot as a candidate in the general election. They argue that his nominating paperwork violates section 3.1-20-45 of the Municipal Code (65 ILCS 5/3.1-20-45 (West 2016)), section 10-4 of the Election Code (10 ILCS 5/10-4 (West 2016)), and section 3 of article III of the Illinois Constitution (Ill. Const. 1970, art. III, § 3), thereby undermining the comprehensive statutory regulations imposed to ensure fair and honest elections.

¶ 17    Section 3.1-20-45 of the Municipal Code provides in pertinent part as follows:
        "A city incorporated under this Code that elects municipal officers at nonpartisan primary and general elections shall conduct the elections as provided in the Election Code, except that no office for which nomination is uncontested shall be included on

- 5 -

the primary ballot and no primary shall be held for that office. For the purposes of this Section, an office is uncontested when not more than 4 persons to be nominated for each office have timely filed valid nominating papers seeking nomination for the election to that office.

*** 

If there is a primary election, then candidates shall be placed on the ballot for the next succeeding general municipal election in the following manner:

(1) If one officer is to be elected, then the 2 candidates who receive the highest number of votes shall be placed on the ballot for the next succeeding general municipal election." 65 ILCS 5/3.1-20-45 (West 2016).

The objectors argue that this provision requires candidates in nonpartisan elections to file to run in a primary election and, unless the office is "uncontested" and thus no primary occurs, to be one of the top two vote-getters in the primary election to earn a place on the general election ballot. They argue the petitioner attempted to bypass his obligation to file for the February 26, 2019, primary election and instead filed directly for the April 2, 2019, consolidated election, an action that "undermines the integrity of the electoral process."

¶ 18   This court disagrees with the objectors that the petitioner's statement of candidacy or his nominating petitions constituted an attempt by the petitioner to avoid participating in the consolidated primary election and instead have his name placed directly onto the ballot for the consolidated election. We note first that section 3.1-20-45 is not a statute that addresses the required contents for statements of candidacy or nominating petitions. Instead, it provides for the circumstances in which a primary election must be held for a particular office in a municipality that elects its officers in nonpartisan primary and general elections. The statute contains no mechanism by which a candidate may bypass the requirement of a primary election (if necessary) based on how that candidate submits his or her nominating paperwork. Rather, its provisions apply by operation of law. Thus, we reject the objectors' efforts to characterize the petitioner's nominating paperwork as an attempt to circumvent the requirements of the statute.

¶ 19   In the petitioner's statement of candidacy, he stated in pertinent part, "I am a candidate for Nomination/Election to the office of *Mayor* in the *City of Chicago Heights* to be voted upon at the election to be held on *April 2, 2019* (date of election) and *** and I hereby request that my name be printed upon the official ballot for Nomination/Election to such office." This was the correct date of the consolidated election, at which the office of mayor of the City of Chicago Heights was to be filled. The objectors have not cited to us any provision indicating that the date of the primary election should have been included on this form instead of the date of the consolidated election. Thus, nothing in the statement of candidacy is inaccurate or violates section 3.1-20-45 of the Municipal Code. See *id.*

¶ 20   As for the nominating petitions, we do not consider the entry of the incorrect date to be an attempt by the petitioner to bypass running in a primary election if necessary. Each of the nominating petitions indicated that the qualified voters signing them were petitioning that the petitioner's name "be placed upon the ballot as a candidate for nomination for the office of *Mayor* at the Consolidated Primary election." Thus, notwithstanding the inaccurate date entered, the petitions did specifically request that the petitioner's name be placed on the ballot in the consolidated primary election, the date of which was set by statute. Further, each petition went on to indicate that "*if no primary election is required*, the candidate's name will appear

- 6 -

on the ballot at the Consolidated Election for election to said office and term." (Emphasis added.) This statement indicates that the petitions were submitted in compliance with the provisions of section 3.1-20-45 of the Municipal Code. See *id.*

¶ 21 Further, we find incredible the statement by the Board in its written decision that, because the date of April 2, 2019, was included in the petitioner's nomination paperwork, "the City Clerk acting as local election official is left to guess" or "read the mind of the [petitioner] as to what his actual intentions are as it pertains to the correct election date." The city clerk should know the dates of the consolidated election and the consolidated primary election, which are provided for in the Election Code. See 10 ILCS 5/2A-1.1(b) (West 2016). Further, the city clerk should be aware of the requirements, as discussed above, as to when a primary election is necessary for a particular office. It was no doubt fully evident to the city clerk that the petitioner was seeking to run for mayor in the 2019 election to fill that office. If it was statutorily necessary for a primary election to occur for that office, the petitioner's name should have been placed on the primary ballot. If no primary election was necessary, his name should have been placed on the ballot for the general election.

¶ 22 The objectors next argue that the petitioner's nominating petitions violate section 10-4 of the Election Code (*id.* § 10-4), which sets forth the requirements for the contents of nominating petitions. Concerning the heading above the voters' signatures, which is the portion of the petitions at issue in this case, that section states:

"All petitions for nomination under this Article 10 for candidates for public office in this State, shall in addition to other requirements provided by law, be as follows: Such petitions shall consist of sheets of uniform size and each sheet shall contain, above the space for signature, an appropriate heading, giving the information as to name of candidate or candidates in whose behalf such petition is signed; the office; the party; place of residence; and such other information or wording as required to make same valid, and the heading of each sheet shall be the same." *Id.*

We note that this section does not contain any provision concerning the date of the election in which the candidate is seeking to be placed on the ballot. Rather, the objectors point out that this statute contemplates the existence of "such other information or wording as required to make same valid." They argue that here, the petitioner's failure to include the correct date of the primary election for which he sought to be nominated constitutes a failure to include necessary information on his nomination papers. This court has previously rejected the use of this residual clause as a basis for inventing new requirements for nomination petitions that are not set forth in statute or precedent. *Dean v. Smith*, 2017 IL App (1st) 170404, ¶ 25. We thus reject the objectors' argument that the nomination petitions at issue violate section 10-4 of the Election Code (10 ILCS 5/10-4 (West 2016)). Even if it did, however, we would find the inclusion of the date of the consolidated election instead of the date of the primary election to be a technical violation that had no effect on the guarantee of a free and honest election, and thus we would conclude that the nominating petitions substantially complied with the statute. See *Siegel*, 385 Ill. App. 3d at 461 (nomination paperwork substantially complied with Election Code despite incorrect date).

¶ 23 The objectors next argue that the petitioner has violated the Illinois Constitution by attempting to have his name placed directly on the general municipal election ballot without first filing for or subjecting himself to the requirements of a primary election. Specifically, the objectors argue that the petitioner's actions violate the provision of the constitution that

provides, "All elections shall be free and equal." Ill. Const. 1970, art. III, § 3. Having rejected the objectors' arguments that the petitioner's nominating papers constitute an attempt to circumvent the requirements of a primary election if necessary, we reject the arguments that the petitioner's actions violate this constitutional provision.

¶ 24 The objectors argue that the outcome of this case should be controlled by *Lawlor v. Municipal Officer Electoral Board*, 28 Ill. App. 3d 823 (1975). There, a municipal officer electoral board sustained an objector's petition concerning a statement of candidacy filed by a candidate seeking the Republican party's nomination to run for a vacant congressional seat. *Id.* at 825. The circuit court sustained the electoral board's decision, and this court affirmed. *Id.* at 830. The required contents of the statement of candidacy at issue were governed by section 7-10 of the Election Code (Ill. Rev. Stat. 1973, ch. 46, ¶ 7-10), which applies in partisan elections in which candidates are seeking the nomination of a political party. *Lawlor*, 28 Ill. App. 3d at 825-28. That statute required that statements of candidacy " 'shall be in substantially the following form,' " and that form included a statement by the candidate that he or she was a candidate for nomination to a particular office " 'to be voted upon at the primary election to be held on the … day of … A.D. …,' " and a request by the candidate " 'that my name be printed upon the official primary ballot for nomination for *** such office.' " *Id.* at 827-28 (quoting Ill. Rev. Stat. 1973, ch. 46, ¶ 7-10). However, the candidate in *Lawlor* submitted a statement of candidacy that was wholly different than the form mandated by the statute. *Id.* at 828-29. Pertinent to this case, he stated in it that he was a candidate for a congressional seat " 'to be voted upon at the special general election to be held on the twenty-seventh (27) day of May, A.D. 1975' " (*i.e.*, the date of the special election, not the primary election), and he requested " 'that my name be printed upon the official ballot for election to such office.' " *Id.* This court held that the requirements of section 7-10 at issue were mandatory, that it was thus incumbent upon the candidate to comply with its provisions, and that his failure to do so was a valid basis for the electoral board's determination that his name should not appear on the primary ballot. *Id.* at 829.

¶ 25 We disagree with the objectors that the holding of *Lawlor* necessitates the removal of the petitioner's name from the ballot. Principally, *Lawlor* involved a section of the Election Code that contained materially different requirements for nominating papers than those involved in this case. As discussed above, none of the provisions of the Election Code cited to us by the objectors contain language requiring that the date of the primary election be included in the nominating papers, as did the provision at issue in *Lawlor*. Further, the candidate in *Lawlor* did far more than simply include the date of the special election in a blank intended for the date of the primary election. Rather, he submitted a statement of candidacy in a form that was completely different than the form required by statute, one that omitted many of the statute's mandatory statements concerning the primary election beyond simply its date. Thus, we find *Lawlor* distinguishable from this case.

¶ 26 The objectors' final argument on appeal concerns the possibility that voters could have been confused by the incorrect date in the nomination petitions. However, in their trial court pleadings and in their brief before this court, the objectors correctly point out that their objectors' petition did not argue that the deficiencies in the petitioner's nominating papers undermined the integrity of the election due to voter confusion. Further, the Board did not cite voter confusion as a basis for its decision (although it did cite confusion by the city clerk, a point we have discussed above). As the objectors did not argue the issue of voter confusion

before the Board, and it did not form a basis for the decision being reviewed, the issue will not be considered on judicial review. *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 212-13 (2008).

¶ 27                                    III. CONCLUSION
¶ 28            For the foregoing reasons, this court affirms the judgment of the circuit court.

¶ 29            Affirmed.