2024 IL App (1st) 240222-U

No. 1-24-0222

Order filed March 11, 2024.

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT
_____

| | | |
|---|---|---|
| VICTORIA KNIGHT, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellant, | ) | Cook County. |
| | ) | |
| | ) | |
| v. | ) | No. 2024 COEL 000005 |
| | ) | |
| STATE OFFICERS ELECTORAL BOARD, | ) | |
| CASSANDRA B. WATSON (Chair), LAURA K | ) | |
| DONAHUE (Vice Chair), JENNIFER M. | ) | |
| BALLARD (Member), CRISTINA D. CRAY | ) | |
| (Member), TONYA L. GENOVESE (Member), | ) | |
| CATHERINE S. McCRORY (Member), RICK S. | ) | |
| TERVEN, SR. (Member), & SAMANTHA JEAN | ) | |
| GASCA, Candidate), | ) | The Honorable |
| | ) | Araceli R. De La Cruz |
| Respondents-Appellees. | ) | Judge Presiding. |

_____

   JUSTICE LAVIN delivered the judgment of the court.
   Presiding Justice Fitzgerald Smith and Justice Pucinski concurred in the judgment.


ORDER

¶ 1    *Held*:  The State Officers Electoral Board properly overruled an objection to the statement of candidacy where the erroneous date included therein was a mere technical defect and the candidate substantially complied with the Election Code.

¶ 2    Petitioner Victoria Knight challenges a decision of the State Officers Electoral Board (the Board) which overruled her objection to respondent Samantha Jean Gasca's candidacy for the Illinois State Senate. Specifically, Knight maintains that Gasca's name should not be included on the ballot of the Republican Party at the general primary election because her statement of candidacy contained the wrong date for the primary election. We affirm the Board's decision.

¶ 3                                        I. Background

¶ 4    On December 4, 2023, Gasca filed a statement of candidacy for Illinois State Senator Legislative District 19. According to her statement, "I am a candidate for Nomination/Election to the office of Illinois State Senator in the 19th District, to be voted upon at the primary election to be held on 11/05/2024." Thus, Gasca's statement erroneously cited the date of the general election rather than the date of the primary election, which is to be held on March 19th. Gasca also filed a State Senate Primary Petition setting forth the correct date of the primary election. Every page of the 196-page petition correctly lists March 19th as the date of the primary election.

¶ 5    Knight then filed a verified objector's petition with the Board. She argued that the erroneous date rendered Gasca's statement of candidacy invalid under section 7-10 of the Election Code (10 ILCS 5/7-10 (West 2022)). Consequently, Knight asked that Gasca's nomination papers be stricken and that her name not be printed on the official ballot for the Republican primary election. In response, Gasca moved to strike the objector's petition, arguing that such a *de minimis* error did not invalidate her nomination papers. She also argued that her petition, the only document a voter would ever see, listed the correct date of the primary election.

¶ 6    The hearing officer for the Board concluded that the error was *de minimis* and insufficient to deny Gasca ballot access, and that Gasca had substantially complied with the Election Code.

The Board's general counsel agreed, adding that section 8-8, rather than section 7-10, applied because Gasca was seeking the office of senator.

¶ 7 Following a hearing on January 11, 2024, the Board granted Gasca's motion to strike and overruled Knight's objection. The Board found that the statement of candidacy substantially complied with section 8-8 of the Election Code and that the statement's inclusion of an incorrect primary election date was not a sufficient basis to deny Gasca ballot access.

¶ 8 Knight then filed a petition for judicial review in the circuit court, raising the same arguments that were raised before the Board. Gasca filed a brief in opposition. On January 30th, the circuit court entered a written order affirming the Board's decision. Like the Board, the court found the erroneous primary election date was a *de minimis* error and that Gasca substantially complied with section 8-8. Knight now appeals.

¶ 9 II. Analysis

¶ 10 On appeal, Knight asserts once more that Gasca's name should not appear on the ballot because her statement of candidacy erroneously included the date of the general election rather than the primary election, in violation of section 7-10 of the Election Code.

¶ 11 We review the decision of the Board, rather than the circuit court. *Cortez v. Municipal Officers Electoral Board for City of Calumet City*, 2013 IL App (1st) 130442, ¶ 14. The parties agree that our standard of review is *de novo*, as the pertinent facts are undisputed. See *Hossfeld v. Illinois State Board of Elections*, 238 Ill. 2d 418, 423 (2010) (applying a *de novo* standard of review where the historical facts were not in dispute).

¶ 12 Knight continues to rely on section 7-10 whereas the Board and the circuit court found that section 8-8 applied instead. Section 7-10 states that "[t]he name of no candidate for nomination, or State central committeeperson, or township committeeperson, or precinct

3

committeeperson, or ward committeeperson or candidate for delegate or alternate delegate to national nominating conventions, shall be printed upon the primary ballot unless a petition for nomination has been filed on his behalf as provided in this Article in substantially the following form[.]" 10 ILCS 5/7-10 (West 2022). That section requires that both the petition for nomination and the statement of candidacy include the date of the election in question. *Id.*

¶ 13 Yet, Article 8 of the Election Code governs candidates for the General Assembly, the office Gasca seeks here. 10 ILCS 5/8-1 (West 2022). Section 8-8 specifically governs the form of petitions for nomination to the General Assembly. 10 ILCS 5/8-8 (West 2022); *Whelan v. County Officers' Electoral Board of Du Page County*, 256 Ill. App. 3d 555, 556 (1994). Under that section, "no candidate for nomination shall be printed upon the primary ballot unless a petition for nomination shall have been filed on his behalf as provided for in this Section. Each such petition shall include *** a statement of candidacy by the candidate filing or on whose behalf the petition is filed." 10 ILCS 5/8-8 (West 2022). In addition, the statement of candidacy "may be in substantially" the form set forth in that section. 10 ILCS 5/8-8 (West 2022). The form therein requires the candidate to state, in pertinent part, that "I am a candidate for nomination to the office of .... to be voted upon at the primary election to be held on (insert date)[.]" 10 ILCS 5/8-8 (West 2022).

¶ 14 Knight has not cited section 8-8 or developed any argument explaining why section 7-10, rather than section 8-8, would control Gasca's candidacy for the General Assembly. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). In any event, both sections require the statement of candidacy to set forth the date of the election and both require substantial compliance. 10 ILCS 5/7-10, 8-8 (West 2022). Given these similarities, we find case law addressing section 7-10 to be instructive and that Knight's deficient brief does not preclude meaningful review.

¶ 15    The requirements for the nominating petition and statement of candidacy are mandatory. *Lawlor v. Municipal Officers Electoral Board*, 28 Ill. App. 3d 823, 829 (1975). Yet, access to the ballot is a substantial right that is not to be denied lightly. *Sullivan v. County Officers Electoral Board of Du Page County*, 225 Ill. App. 3d 691, 693 (1992). Consequently, a minor error in a nominating petition should not lead to a candidate's removal from the ballot. *Id.* Similarly, where nominating papers satisfy the apparent purpose of the statute, they will survive a minor defect, as only substantial compliance is required. *Cortez*, 2013 IL App (1st) 130442, ¶ 40. This court has also recognized that a minor error will not lead to the removal of the candidate's name "where there is no basis for confusion as to the office for which the petition was filed and there is no conflict between the statement of candidacy and nominating petition[.]" *Crossman v. Board of Election Commissioners of City of Chicago*, 2012 IL App (1st) 120291, ¶ 18. Even where a conflict exists, an objection will not be sustained if the conflict may be readily resolved. See *Sullivan*, 225 Ill. App. 3d at 694. Conversely, a candidate is not in substantial compliance where she completely ignores a statutory element. *Samuelson v. Cook County Officers Electoral Board*, 2012 IL App (1st) 120581, ¶ 32. Substantial compliance is assessed on a case-by-case basis (*Corbin v. Schroeder*, 2021 IL 127052, ¶ 38), and courts may read a nominating petition as one complete document in order to find substantial compliance (*Samuelson*, 2012 IL App (1st) 120581, ¶ 32).

¶ 16    The general purpose of section 8-8, like section 7-10, is to set forth an orderly procedure for qualified persons seeking public office to enter primary elections. See *Lewis v. Dunne*, 63 Ill. 2d 48, 53 (1976). The statement of candidacy's more specific purpose is to obtain a sworn statement from the candidate demonstrating that she is qualified to enter the primary election for the office in question. *Id.* at 54. In assessing compliance with section 8-8, and section 7-10, the

nomination papers, taken as a whole, must not create a basis for confusion, and the purpose of the nomination papers containing an error must not be frustrated by the error. See *Wiesner v. Brennan*, 2016 IL App (2d) 160115, ¶ 27; *cf. Lawlor*, 28 Ill. App. 3d at 828 (rejecting the petitioner's assertion "that the nominating petition and the statement of candidacy must be read together and, therefore, his petition and his certificate of candidacy substantially comply with the statute"); see also *Lawrence v. Board of Election Commissioners of City of East St. Louis*, 45 Ill. App. 3d 776, 778 (1977) (finding *Lawlor's* suggestion that a statement of candidacy must stand or fall by itself, without consideration of the petition, does not accurately reflect the law).

¶ 17     We agree with the Board's determination that Knight substantially complied with section 8-8, notwithstanding that her statement of candidacy set forth the wrong date for the primary election. This mistake did not undermine that statement's purpose of showing that Knight was qualified to enter that election. In addition, the erroneous date was not likely to lead to confusion given that the statement of candidacy clearly referenced the primary election, that voters do not generally see that statement, and that Gasca's nominating petitions included the correct date. Furthermore, the conflict in dates is one that can easily be resolved.

¶ 18     We categorically reject the suggestion that including the wrong date in the statement was the equivalent of ignoring the statute's date requirement, or that nefarious intent led Gasca to deliberately include the wrong date. See also *Wiggins v. Rogers*, 2019 IL App (1st) 190161, ¶¶ 16, 18, 20, 25 (rejecting the objectors' assertion that the statement of candidacy and nominating petitions, which cited the date for the consolidated election instead of the consolidated primary election, in violation of the municipal code and section 10-4, reflected an attempt to bypass the primary election where the nominating petitions specifically requested the candidate's name to be placed on the ballot for the primary). Moreover, Knight does not dispute

that Gasca's nominating papers were otherwise in good order. *Cf. Lawlor*, 28 Ill. App. 3d at 825 (finding the candidate's name was properly omitted from the ballot where the statement of candidacy failed to specify that the candidate (1) was qualified to vote in the Republican primary, (2) was a candidate for nomination of the Republican Party to the office of Representative for the 5th Congressional District, and (3) was a candidate for the special Republican Primary to be held on April 15th, and where (4) the candidate failed to request that his name be printed on the primary ballot for that election).

¶ 19    In short, Knight has not met her burden in this case. See *Samuelson*, 2012 IL App (1st) 120581, ¶ 39.

¶ 20                                   III. Conclusion

¶ 21    The Board properly determined that Gasca substantially complied with section 8-8 of the Code and thus, her name will be included on the primary ballot.

¶ 22    For the foregoing reasons, we affirm the circuit court's judgment upholding the Board's decision.

¶ 23    Circuit court judgment affirmed.

¶ 24    Board decision affirmed.