2024 IL App (1st) 240256-U
Order filed: March 12, 2024

FIRST DISTRICT
FOURTH DIVISION

No. 1-24-0256

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| KELLY KING, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24 COEL 9 |
| | ) | |
| ILLINOIS STATE BOARD OF ELECTIONS, | ) | |
| THE ILLINOIS STATE BOARD OF ELECTIONS | ) | |
| SITTING AS AN ILLINOIS STATE ELECTORAL | ) | |
| BOARD, CASANDRA B. WATSON, LAURA K. | ) | |
| DONAHUE, JENNIFER M. BALLARD CROFT, | ) | |
| CHRISTINA D. CRAY, TONYA L. GENOVESE, | ) | |
| CATHERINE S. MCCRORY, RICK S. TERVEN, SR., | ) | |
| JACK VRETT, Individually and as Members | ) | |
| of the ILLINOIS STATE ELECTORAL BOARD, | ) | |
| ILLINOIS STATE BOARD OF ELECTIONS | ) | |
| EXECUTIVE DIRECTOR BERNADETTE M. | ) | |
| MATTHEWS, ILLINOIS STATE BOARD OF | ) | |
| ELECTION'S GENERAL COUNSEL MARNI | ) | |
| MALOWITZ, HEARING OFFICER ERNEST L. | ) | |
| GOWEN, CANDIDATE MONTELLE L. GAJI, | ) | Honorable |
| | ) | James R. Carroll, |
| Respondents-Appellees. | ) | Judge, presiding. |

_____

JUSTICE ROCHFORD delivered the judgment of the court.
Justices Martin and Ocasio concurred in the judgment.

**ORDER**

¶ 1   *Held:*   We affirm the Board's decision overruling petitioner's objection to the candidate's nomination papers where, when considering the nomination papers as a whole, the candidate's statement of candidacy substantially complied with the statutory requirements.

¶ 2    Petitioner, Kelly King, filed an objection to the nomination papers of Montelle L. Gaji, a Republican Party candidate for the office of U.S. Representative for the First Congressional District of Illinois. Petitioner contended that Gaji's statement of candidacy failed to state that she was part of the Republican Party and that she was a qualified primary voter of that party and also failed to request that her name be printed on the official Republican Party primary ballot. Petitioner requested that Gaji's name not be printed on the Republican Party ballot for the March 19, 2024 general primary. The Illinois State Board of Elections (the Board) overruled the objection and certified Gaji as a candidate, allowing her name to remain on the ballot. Petitioner filed a petition for judicial review in the circuit court, which denied petitioner's petition for judicial review (petition) and affirmed the Board's decision. We affirm.

¶ 3    On December 4, 2023, Gaji filed her nomination papers for the office of U.S. Representative for the First Congressional District of Illinois. Using standard forms issued by the Board, Gaji filed a "NONPARTISAN" statement of candidacy as well as 95 signature sheets containing the signatures and addresses of registered voters in the district.

¶ 4    The statement of candidacy was a pre-printed form, intended to be used for nonpartisan candidates, stating:

    "I, [Name of Candidate] being first duly sworn (or affirmed), say that I reside at _____,

    in the City, Village, Unincorporated Area of _____ (if unincorporated, list municipality

    that provides postal service) Zip Code ____, in the County of ____, State of Illinois; that I

    am a qualified voter therein, that I am a candidate for Nomination/Election to the office of

    ____in the ____ (Name of City, Village, or Special District), to be voted upon at the

    election to be held on ____ (date of election) and that I am legally qualified to hold such

    office and that I have filed (or I will file before the close of the petition filing period) a

Statement of Economic Interests as required by the Illinois Governmental Ethics Act and I hereby request that my name be printed upon the official ballot for Nomination/Election to such office."

Gaji filled out the statement of candidacy, specifying that she was a qualified voter and requesting that her name be printed on the official ballot for the March 19, 2024 election for U.S. Representative for the First Congressional District of Illinois. In completing the form, Gaji listed her address as: "6429 S. Saint Lawrence, in the City, Village, Unincorporated Area of Chicago (if unincorporated, list municipality that provides postal service) Zip Code 60637, in the County of COOK, State of Illinois."

¶ 5    The petition sheets were pre-printed forms stating above the place for signatures:

"We, the undersigned, members of and affiliated with the ____ Party and qualified primary electors of the ____ Party, in the ____ Congressional District of the State of Illinois, do hereby petition that ____, who resides at ____ in the City, Village, Unincorporated Area of ____ (if unincorporated, list municipality that provides postal service) Zip Code ____ County of ____ and State of Illinois, shall be a candidate of the ____Party for the nomination for the office of REPRESENTATIVE IN CONGRESS of the State of Illinois, for the ____ Congressional District to be voted for at the primary election to be held on ____ (date of election)."

Gaji filled out each of the 95 signature sheets, specifying that she was seeking the Republican Party nomination for the office of U.S. Representative for the First Congressional District to be voted on at the March 19, 2024 election. Gaji listed her address as: "6429 S. Saint Lawrence Ave., in the City, Village, Unincorporated Area of Chicago (if unincorporated, list municipality that provides postal service) Zip Code 60637, in the County of COOK and State of Illinois."

¶ 6    Petitioner filed an objection to Gaji's nomination papers with the Board, arguing that her name should be removed from the Republican Party ballot for the March 19, 2024, primary election because her "nonpartisan" statement of candidacy did not comply with section 7-10 of the Election Code (10 ILCS 5/7-10 (West 2022)). Specifically, petitioner argued that Gaji's statement of candidacy failed to state that she was running as part of the Republican Party and that she was a qualified voter of the Republican Party, and also failed to request that her name be printed upon the official Republican Party ballot. Gaji filed a motion to strike and dismiss the objection. Petitioner filed a response to that motion.

¶ 7    The hearing officer subsequently filed a written report and recommended decision. The hearing officer found that although the statement of candidacy was completed, signed, and filed on an incorrect pre-printed form, Gaji "has clearly complied with the requirements to qualify for election to the office which she seeks." The hearing officer recommended that the Board overrule petitioner's objection and determine that Gaji's name be certified for election to the office of U.S. Representative for the First Congressional District.

¶ 8    On January 11, 2024, the Board adopted the hearing officer's findings of fact, conclusions of law, and recommendation. The Board found that Gaji's statement of candidacy was completed, signed, and filed on an incorrect preprinted form and it did not indicate the political party for which she sought nomination. However, the Board found that Gaji's 95 petition sheets indicated the political party for which she sought nomination and in viewing her nomination papers as a whole, her statement of candidacy substantially complied with the requirements of section 7-10 of the Election Code. The Board granted Gaji's motion to strike and dismiss, overruled petitioner's objection, and stated that "the name of the Candidate Montelle L. Gaji SHALL be certified for the March 19, 2024, General Primary Election ballot."

¶ 9     Petitioner sought judicial review of the Board's decision. On February 2, 2024, the circuit court affirmed the Board's decision. This appeal follows.

¶ 10    On appeal, we review the Board's, rather than the circuit court's, decision. *Let Forest Park Vote on Video Gaming v. Village of Forest Park Municipal Officers Electoral Board*, 2018 IL App (1st) 180391, ¶ 7. In the instant case, the facts are not in dispute; rather, it is the legal effect of those facts which is at issue. Therefore, we are presented with a mixed question of law and fact to which we apply the "clearly erroneous" standard of review. *Id.* A decision is clearly erroneous when we are left with the definite and firm conviction that a mistake has been committed. *Id.* Gaji, argues that this matter presents a purely legal question and that our review is *de novo* and cites *Corbin v. Schroeder*, 2021 IL 127052, ¶ 33 (" 'Where, as here, historical facts are admitted or established and the parties' disagreement centers on whether the governing legal provisions were interpreted correctly by election officials, the case presents a purely legal question for which our review is *de novo*.' "). Under either standard of review, the result is the same.

¶ 11    Petitioner, in seeking reversal of the Board's decision, cites *Lawlor v. Municipal Officers Electoral Board*, 28 Ill. App. 3d 823 (1975), arguing that Gaji's statement of candidacy failed to comply with the mandatory requirements of section 7-10 of the Election Code (10 ILCS 5/7-10 (West 2022)). Specifically, petitioner argues that Gaji, in filing a nonpartisan statement of candidacy, failed to indicate on her statement of candidacy that she was part of the Republican Party, indicate that she was a qualified primary voter of the Republican Party, and request that her name be printed on the official Republican Party primary ballot. Gaji admits that she used an incorrect nonpartisan statement of candidacy, but instead argues that, in reading her nomination papers as whole, she substantially complied with section 7-10.

¶ 12 Section 7-10 of the Election Code governs the form of the nominating papers. Section 7-10 provides, *inter alia*, that a statement of candidacy "shall set out the address of such candidate, the office for which he is a candidate, shall state that the candidate is a qualified primary voter of the party to which the petition relates and is qualified for office specified \*\*\*, shall state that he has filed (or will file before the close of the petition filing period) a statement of economic interests \*\*\*, shall request that the candidate's name be placed upon the official ballot, and shall be subscribed and sworn." 10 ILCS 5/7-10 (West 2022). Section 7-10 further provides a form statement of candidacy for the candidate to follow, which is proceeded by the language that the statement "shall be in substantially the following form." *Id.*

¶ 13 This court, in analyzing section 7-10 has held that:

"[s]trict compliance with the requirements of the Election Code is required when the requirements of the statute 'contribute substantially to the integrity of the election process.' [Citation.] However, substantial compliance is sufficient when \*\*\* a deviation from the Election Code is minor or technical in nature and does not affect the legislative intent to guarantee a fair and honest election." *Let Forest Park Vote on Video Gaming*, 2018 IL App (1st) 180391, ¶ 20.

Substantial compliance can satisfy mandatory provisions of the Election Code. *Samuelson v. Cook County Officers Electoral Board*, 2012 IL App (1st) 120581, ¶ 29 (holding that "the invalidity of a single petition sheet, inadvertently included among several hundred others, where a candidate otherwise had a significant number of signatures and where the nomination papers as a whole were in substantial compliance with the Election Code, cannot compel the invalidation of the entire candidacy"); *Zurek v. Cook County Officers Electoral Bd.*, 2014 IL App (1st) 140446, ¶ 19 (holding that, although the candidate used the wrong statement of candidacy form, they

substantially complied with section 7-10 of the Election Code). In determining whether a candidate substantially complied with section 7-10, the nominating papers may be considered as a whole. *Lewis v. Dunne*, 63 Ill. 2d 48, 53 (1976). However, the nominating papers as a whole must not create confusion and the purpose of the nominating paper that contains the incorrect information must not have been frustrated because of the error. *Id.*

¶ 14     The purpose of the statement of candidacy is to obtain a sworn statement from the candidate establishing her qualifications to enter the primary election of the office she seeks. *Id.* at 42-53. The purpose of the nominating petitions is "to reduce the electoral process to manageable proportions by confining ballot provisions to a relatively small number of candidates who have demonstrated initiative and at least a minimal appeal to eligible voters." *Heabler v. Municipal Officers Electoral Board of the Village of Lakemoor*, 338 Ill. App. 3d 1059, 1062 (2003). The Election Code is designed to protect the integrity of the election process, but access to place on the ballot is a substantial right not lightly denied. *Zurek*, 2014 IL App (1st) 140446, ¶ 5 (citing *Samuelson*, 2012 IL App (1st) 120581, ¶ 45).

¶ 15     In the instant case, it is undisputed that the only information missing from the statement of candidacy was the political party for which Gaji was running. Gaji used the incorrect form, a nonpartisan statement of candidacy, specifying that she was a "qualified voter" and requesting that her name be printed on the official ballot for the March 19, 2024 primary election for U.S. Representative for the First Congressional District of Illinois. Gaji's nonpartisan statement of candidacy did not make reference to the Republican Party. However, as pointed out by the Board, Gaji, on each of the 95 signature sheets, filled in the underlined sections and listed her party as the Republican Party. Therefore, looking at the nominating papers as a whole, we are not left with confusion that Gaji was running for the Republican Party nomination. Further, the incorrect

"nonpartisan" language appeared only on the statement of candidacy and not on the nominating petitions, therefore the voters signing the nominating petitions were able to sign clearly knowing the correct information, that Gaji was running as a member of the Republican Party. See *Lyons MVP Party v. Lyons, Illinois, Mun. Officers Electoral Board*, 407 Ill. App. 3d 1004, 1007-08 (2011) ("Our courts have favored access and guard the right of voters to endorse and nominate the candidates of their choice unless candidates violate mandatory language of the Code, where compliance is essential to effect a valid nomination."). The purpose of the statement of candidacy was not frustrated as Gaji used a form establishing her qualifications to enter the primary election of the office for U.S. Representative for the First Congressional District and clearly stated on her nominating petitions that she was running as part of the Republican Party. Further, petitioner makes no allegations or arguments that Gaji was not part of the Republican Party and was not a qualified voter for the Republican Party.

¶ 16   Petitioner's citation to *Lawlor*, 28 Ill. App. 3d at 823, in which the petitioner objected to a candidate's statement of candidacy for failure to comply with section 7-10 of the Election Code, does not change our conclusion. In *Lawlor*, the statement of candidacy filed by the candidate was wholly different from that which is required by section 7-10. *Id.* at 828-829. A municipal officer electoral board sustained the objection finding that the statement of candidacy was invalid "because it was totally lacking in the essential elements required by the provisions of section 7-10 of the Election Code." *Id.* at 823, 825. Specifically, the electoral board found that the statement of candidacy failed to comply with the Election Code in that it: (1) failed to contain a statement by the candidate that he was a qualified primary voter of the Republican Party; (2) did not state that he was a candidate for nomination of the Republican Party for the office of Representative of the 5th Congressional District of the State of Illinois; (3) did not state that he was to be a candidate in

the special Republican primary election to be held on the 15th day of April; and (4) did not request that his name be printed on the official primary ballot for a nomination of the Republican Party in the special Primary Election to be held on April 15, 1975. *Id.* at 825. The circuit court sustained the electoral board's decision, and this court affirmed. *Id.* at 830.

¶ 17    This court, in affirming the Board's decision, rejected the candidate's contention that his nomination papers and his statement of candidacy should be read together so that both documents substantially complied with the statute finding that the legislature had specifically and separately set forth the required contents of the nominating petitions and the statement of candidacy. *Id.* at 436. This court affirmed the decision of the electoral board finding that the candidate's statement failed to comply with section 7-10.

¶ 18    *Lawlor* is distinguishable from this case in that the statement of candidacy, here, was not "totally lacking in the essential elements," but rather included a technical error insufficient to disqualify Gaji's entire candidacy. As discussed above, Gaji clearly indicated on her 95 nominating petitions, which were submitted with her statement of candidacy, that she was running as part of the Republican Party. Further, the supreme court's decision in *Lewis*, 63 Ill. 2d 48, 53, decided after *Lawlor*, indicated that the petitions and statement of candidacy can be read together to find substantial compliance with the statutory requirements. See *Lawrence v. Board of Election Com'rs of City of East St. Louis*, 45 Ill. App. 3d 776, 778 (1977).

¶ 19    We affirm the decision of the Board allowing Gaji's name to remain on the ballot.

¶ 20    Affirmed.